Good day. May it please the court, counsel. My name is Hank Branham. I'm an assistant federal defender from Great Falls, Montana, and I was trial counsel for Mr. Werk. I'd like to reserve two minutes for rebuttal. The issue presented here is whether 18 U.S. Code 113 sub a sub 4, assault by striking, beating, or wounding somebody, and 18 U.S. Code 113 sub a sub 8, assault of a spouse, an intimate partner, or dating partner by strangling, and we believe that it is. I don't understand why you believe it is. The statute defines strangle, and it seems plain to me that you don't have to strike, beat, or wound somebody to strangle somebody. What am I missing here? I don't know how you strangle somebody without, because the statute says, or the definition, which then is 8 sub 4, impeding the normal breathing or circulation by applying pressure to the throat or neck. A strike to the throat would apply pressure. Beating the neck would apply pressure. The question I think then becomes, for the greater strangling, did it impede the breathing or the blood circulation? There has to be some physical contact to apply the pressure. It's then, can that pressure just, if you just have a strike to the neck, that's the simple, or the striking, beating, or wounding, because presumably, or if the jury doesn't find anyway, it didn't impede either the blood flow or the breathing. So is it the defendant's position that we match up the lesser to the statute, or we match up the lesser to the indictment? I think it needs to be both because obviously the indictment has to track the statute. No, no, but the indictment can charge one means. Does the Supreme Court and our precedent require us to match it up to the indictment or the statute? Why would it be the indictment, if I understand the question? In here, well, as the Supreme Court says, the danger is that, and this is in, Because counsel, if we match it up to the statute, you lose automatically, right? Because the statute says, by strangling, suffocating, or attempting to strangle or suffocate. So if we matched it up to the statute, the statute doesn't require a battery. But here, the indictment requires at least a battery, right? Well, I'm not sure, and I say that based somewhat on the Lamont case, which seemed to indicate that Congress, in drafting the statutes, has basically done away with assault and battery being two different things. No, but, okay, then let me ask it a different way. You lose automatically under the statute because the statute doesn't require a touching, because you can do it with it has to be striking, beating, or wounding, which you can't affect without a touching, right? Cannot affect without a touching, I agree. Yes. Yes, Your Honor. Okay, so, okay, thank you. But the danger is, as Schmuck points out, is that when it's clear the defendant's guilty of something, if you don't, if the court, the trial court doesn't give the lesser included, that may impede on the full effect of the reasonable doubt standard. And I think that certainly was the case here, where on count one, the jury found Mr. Work not guilty of the assault and found him guilty of the lesser included. And here, like I said, the neck can be struck, beaten, or wounded without it necessarily being strangulation. Any non-consensual touching of the neck or throat without impeding the breathing or the blood circulation is a 113-A-4 assault by striking, beating, or wounding. I think you put it another way. I think that was Judge Kristen's question, which I'm not sure I understand your answer to. Even if you have to touch, you don't have to leave an injury. Why in the common definition, I think, why in order to touch, to apply pressure, how in the common understanding is that beating or striking? Normally, the normal definition of beating is sustained attacks. The normal definition of striking is some hard blow. Wounding requires a visible injury, I would think, for the most part. So why do any of those three things necessarily include it by simply applying some pressure regardless of whether the pressure results in a visible injury? I think any of those would apply pressure, at least a striking or a beating. That applies, it may be brief, but that's applying pressure. You can't, I mean, there's some pressure and maybe it wasn't prolonged. And that's why I think the jury should have the option. Do they believe it was the prolonged pressure that would be strangling or would it be the brief striking or wounding? But it's the other way around. It's whether you can have brief pressure without striking, beating or wounding. Even if we agree that you can't have striking, beating or wounding without brief pressure, if you can have brief pressure without striking, beating or wounding, then under what the Supreme Court said in the Schmuck case, it's not a lesser. I think I've gotten lost halfway, but I'll agree. I, but Schmuck, I think more importantly from all these cases, quite frankly, say it's whether or not the elements of one or the other, and they give us very, at least as I read it, very little guidance of what that really means. And so I think to that extent, it is somewhat of a fact based inquiry. And certainly here, I think the jury didn't give great, necessarily great credence to either the complaining witness or Mr. Work. They both candidly admitted that they were under the influence of methamphetamine. They were the only two witnesses. And at least on count one, the jury didn't fully credit the government's case. And I think they should have had that opportunity to have the lesser on the strangulation. And I think the government's position early is that any non-consensual touching on the neck would have that there can't be any non-consensual touching on the neck or throat. That's not strangulation. And of course, the defense is that somewhat of a disadvantage because we don't draft these. We don't submit this to the grand jury. And before I get down to my rebuttal time, I think, like I said, I think Lamont seems to support our position because there this court affirmed where wounding was part of the strangulation jury instruction. Complaint error review. Would you like to reserve your time for rebuttal? I'm under my two. Thank you, Your Honor. You bet. We'll hear from a US attorney, please. Counsel, good afternoon. May it please the court. I am Paulette Stewart with the United States Attorney's Office for the District of Montana. I'm an assistant US attorney here in the Helena office, and I am the attorney for the United States. Counsel, did you prepare the brief filed in this case? I did. OK, that's all I need. Go ahead. I did. And I was also trial counsel in the case. And where I would like to start is the reply brief that discussed wounding in where I want to go is Judge Christian's language in Lamont case, which I know is based on plain error review. We're here. We have a direct appeal on an issue preserved by the defendant that Judge Christian wrote specifically on page 1159 of that opinion that the district court's inclusion of the word wounded, which followed the indictment in that case, may have been surplus. But if anything, the inclusion of wounded in the instruction required that the government need a higher burden than was necessary because Section 8.8 does not require proof of a wound or injury. And to answer your question, Judge Bennett, we look at the statute and the elements of the offense when we're comparing whether or not the elements of assault by striking, beating or wounding is a subset of the elements of assault by a dating partner by strangulation. Well, except counsel, we said in the Torres case, talking about what Schmuck said, the Supreme Court adopted the elements test. Under this approach, one offense is not necessarily included in another unless the elements of the lesser offense are a subset of the elements of the charged offense. Why isn't that binding? And why isn't the government here stuck with the indictment at return when it could have returned strangled or attempted to strangle? Right. Well, I guess I need to look at the indictment again. But we did charge strangling by the dating partner and strangling means intentionally, knowingly or recklessly impeding the normal breathing or circulation of the blood of a person by applying pressure to the throat or neck. It then continues that regardless of whether that conduct results in any visible injury or whether there is any intent to kill or protracted, protractedly injure the victim. But you can put pressure on a neck because they happen all the time in strangulation cases without leaving a wound. It comes from putting pressure, putting pressure on the neck is a battery, correct? It can be a touching. Okay, that's not. So my question is putting pressure on the neck is a battery. Yes. It is. Whether it's by a hand or something else. Yes, it is. It is an offensive touching of some sort. And haven't there been a lot of cases that describe essentially assault by striking, beating or wounding as essentially codifying common law, simple battery? You know, there are cases that basically work both ways that say it's an assault because there was striking, beating or wounding, or it's a battery because there was striking, beating or wounding. I mean, I think as Judge Christian knows that there have been times where you end up with an assault because there was a battery. And so there are times where that happens, but that doesn't have to be the case. Because if you take the this 8-8 statute further, there doesn't have to be visible injuries. So when we're talking about wounding, it's an injury to the body. I'm more concerned with striking counsel. So how is it that in the government's view, you can have not an attempt at strangulation, which you could have charged, but didn't. But with the same statute, but you strangle, you have a strangulation under the definition of strangulation without that being without that involving striking. Explain that to me, please. I don't think you have to. Striking to me is more of an instant versus a protracted hands around the neck. I mean, striking is to me more of an instant effect. I mean, this is striking versus honestly what a lot of our regular strangulation cases have. But counsel, the question isn't about wounding. Judge Bennett is asking you a different question. He's asking you, how can you have strangulation without striking? That was the question. So as I said, and it might be my more limited view, but I see striking as more of an instant hit, I guess, if you will, to another person's body. Versus a prolonged pressure against somebody's neck or body. And like I said, that might be my limited view of the word striking. But striking to me means something more immediate. Like a blow or a punch, is that what you're saying? And you're relying on a common definition, common sense definition. Is that I'm not trying to put words in your mouth, but I am trying to understand your argument. Is that it? Yes. Yes. Your brief was exceptionally your brief was very brief. And so hence, we're trying to tease out what the government's position is. Certainly our position is honestly that we're still learning what assault by a dating partner by strangulation means. Clearly, the district court is noted that it's still learning. It noted that in 2016, 2017, it should not have given assault by striking, beating or wounding as a lesser included. And notably took a recess before coming out with final jury instructions in this case and looking at, as it noted, the limited case law in this matter, because there's not a lot. Lamont is the court's case that came out in 2016, which Judge Kristen wrote. And after that case, then we finally got a model jury instruction for us to use. But because it's still in the scheme of things, a relatively new statute, everybody's still trying to parse out exactly what it means and how it's proven. And our position is that it's right in the model jury instruction. It's right as Judge Kristen's laid it out in the Lamont case in 2016, and that it's dicta. But I think it's our position that she's also right that it does not require proof of a wound or injury. And because it doesn't require proof of a wound or injury, we don't get to assault by striking, beating or wounding. Striking, beating or wounding isn't a subset of strangulation. The problem you've got with Lamont is that not only that it was plain error review, but that the instruction given there was not the model jury instruction. That's what Judge Bennett's trying to get at. We're asking, he's asking a very different question. Is it your position then as far as striking, right, that striking, that's what I'm understanding. You think that somebody can be strangled within the definition of this rather than applying pressure to constrict, if I'm understanding you correctly. That is correct, Your Honor. That's absolutely our position. I'm not trying to give you a hard time. I just know I just know that you can get that much mileage out of Lamont because it was quite, quite, quite different. Okay, well, go ahead. Go ahead, Your Honor. I'm down to just over a minute. So back to a question that Judge Bennett asked, whether you look at the statute or whether you look at the indictment, isn't the law that in the first instance, you look at the statute and ask the question whether the lesser included offense requires an element not required for the greater offense as a matter of law, comparing the requested lesser included offense instruction with the statute itself. And you only go on to look at the evidence of trial if a rational jury might have been able to find a lesser included offense comparing the LIO requested with the statute and the elements. I agree with that, Your Honor. I agree with that. And I think part of the traction that the counsel is trying to get for Mr. Work is that the jury did convict Mr. Work on assault by striking, beating or wounding on count one. But as the district court noted, the jury could find that Work struck, beat or wounded the victim in this case because there was a whole lot more than strangulation that happened, but also disagree that those injuries amounted to substantial bodily injury. Thank you. Thank you. Counsel? Counsel? I was unmuting, Your Honor. Hopefully I've done that. The indictment in count two alleged that Mr. Work assaulted Jane Doe, a dating partner, by strangling her. Not attempted to, but that he did it. So I think that undercuts some of the government's argument. My analysis, what what takes a striking, beating or wounding to a strangulation is that it impedes the blood flow or the breathing. And again, it's the government that chose the more specific. And in his discourse with us about what instruction to give, Judge Morris expressed some concern about double jeopardy. I don't think that would apply here because count one was the injury to the ribs and everywhere but the neck. And then count two is the neck. So I think the lesser included of striking, beating or wounding could have been given on both counts because they were different assaultive behavior to different parts of the body. I think the risk... Counsel, could I get you to, forgive me for interrupting, but could I get you to articulate what is your best shot that assault by striking, beating or wounding is a lesser included? Could you just articulate your argument for me? Why is that a lesser included of subpart eight strangulation? Because there can be intentional, knowing or recklessly impeding. Well, I'm going to take that back because there could be an assault or a battery more specifically to the neck that doesn't impede the blood flow or the breathing. That's that's how I think it can occur. And I think there was ample evidence here to at least let the jury decide that. And I think the failure to do so runs afoul of the Supreme Court's counsel in Schmuck. And for those reasons, we ask that that conviction on count two be reversed and the matter remanded for a new trial with instructions, if appropriate, at the retrial to give the lesser included. Thank you, Your Honors. Thank you, Counsel. We're going to take that case under advisement and go on to the next case on the calendar, which is 18-35669. Harris versus Mundell.
judges: Christen, Friedman, Bennett